[Civ. No. 2175. First Appellate District.—March 26, 1918.]

NEW ENGLAND EQUITABLE INSURANCE COMPANY (a Corporation), Respondent, v. CHICAGO BONDING AND SURETY COMPANY, Appellant.

Building Contract—Abandonment by Subcontractor — Giving of Three Days' Notice—When Unnecessary.—Under a provision in a contract between an original contractor and a subcontractor providing that in the event that the latter should delay the work, the former might prosecute it if the work was not done by the latter after three days' notice, no notice is required to authorize the contractor to proceed, where the subcontractor entirely abandons the contract, and the surety on the subcontractor's bond is not released from liability for damages from such nonperformance of the contract.

Id.—Completion of Work by Owner—Damage of Contractor.—Where upon abandonment of work by a subcontractor the owner completes the same, and deducts the amount thereof from the amount payable to the contractor, the latter is damaged in such amount, notwithstanding the contractor does not complete the work.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Seawell, Judge.

The facts are stated in the opinion of the court.

Watt, Miller, Thornton & Watt, for Appellant.

Samuel Knight, and F. Eldred Boland, for Respondent.

ZOOK, J., *pro tem.*—Plaintiff's assignor, one Carr, entered into a contract with the regents of the University of California to build a class-room at Davis, and sublet the portion of his contract to defendant Macdonald, taking a bond from defendant Surety Company for Macdonald's faithful performance of his contract. Macdonald abandoned the work, whereupon Carr proceeded to do it himself; but later, becoming financially embarrassed, was unable to finish the work, and the regents took it over, completed the job, and deducted the cost thereof, amounting to $1,409, from the money payable to Carr under his contract. On this state of facts plaintiff had judgment against defendant Surety Company for $750, the full amount of its bond.

But two points are presented on this appeal. The contract provided that in the event that Macdonald should delay the work Carr might prosecute it "if same is not done after three days' notice." It is claimed that Carr did not give this notice before proceeding with the work after Macdonald's abandonment, and that the surety was thereby relieved from liability. As was expressly held by this court in *Bacigalupi* v. *Phoenix Bldg. etc. Co.*, 14 Cal. App. 632, 639, [112 Pac. 892], notice is unnecessary where the contractor *entirely abandons the contract*, which the trial court expressly found to be the fact in the case at bar.

Appellant's only other contention is that because Carr did not himself complete the work, he was not injured by Macdonald's failure to do the work. The owner did complete the work, at an actual and reasonable cost of $925.50, and as this amount was deducted from the amount to be paid to Carr on his contract, it is obvious that he was damaged to the extent of this deduction.

The appeal in this case, as in another case appealed by the same defendant at this term of court, is obviously without merit, and we are satisfied that the same was taken for the purpose of delay. We are of the opinion that the judgment should be affirmed, and that the plaintiff should recover from the defendant Surety Company the sum of fifty dollars as damages for a frivolous appeal. It is therefore so ordered.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.